[J-24-2015] [MO: Stevens, J.]

## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

| | |
|---|---|
| EVONNE K. WERT, EXECUTRIX OF THE ESTATE OF ANNA E. KEPNER, DECEASED | : No. 62 MAP 2014 |
| | : |
| | : Appeal from the order of the Superior Court |
| | : at No. 1746 MDA 2012 dated December |
| | : 19, 2013 Affirming the order of the |
| v. | : Cumberland County Court of Common |
| | : Pleas, Civil Division, at No. 12-165 CIVIL |
| | : dated September 13, 2012. |
| | : |
| MANORCARE OF CARLISLE PA, LLC D/B/A MANORCARE HEALTH SERVICES-CARLISLE; HCR MANORCARE, INC; MANOR CARE, INC.; HCR HEALTHCARE, LLC; HCR II HEALTHCARE, LLC; HCR III HEALTCARE, LLC; HCR IV HEALTHCARE, LLC: GGNSC GETTYSBURG, LP, D/B/A GOLDEN LIVING CENTER-GETTYSBURG; GGNSC GETTYSBURG GP, LLC; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC EQUITY HOLDINGS, LLC; GGNSC ADMINISTRATIVE SERVICES, LLC | : ARGUED:   April 7, 2015 |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: GGNSC GETTYSBURG LP, D/B/A GOLDEN LIVING CENTER - GETTYSBURG; GGNSC GETTYSBURG GP, LLC; GGNSC HOLDINGS, LLC; GOLDEN GATE NATIONAL SENIOR CARE, LLC; GGNSC EQUITY HOLDINGS, LLC AND GGNSC ADMINISTRATIVE SERVICES, LLC | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |

## DISSENTING OPINION

**MR. JUSTICE EAKIN**                              **DECIDED:   October 27, 2015**

I respectfully dissent, as I cannot agree with the Majority's conclusion the National Arbitration Forum (NAF) provision was integral to the arbitration agreement, making the entire agreement void because of the NAF's problems in Minnesota. The Majority invalidates the entire agreement based upon its NAF Code provision, which states arbitration must be conducted "in accordance with the [NAF] Code of Procedure[.]" Agreement, at 1. While the NAF may be out of the business of accepting arbitrations, that Code is still extant, and it is the Code, not the NAF itself, that is incorporated into the agreement.

Further, the Majority ignores the agreement's other provisions, which conspicuously provide, "**THE PARTIES UNDERSTAND AND AGREE THAT THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES**[.]" Id., at 2 (emphasis in original). Nowhere does it suggest the NAF must be the arbitrator. Even if it did, the agreement also includes a severability provision stating if a court "finds any portion of this agreement unenforceable, that portion shall not be effective and the remainder of the agreement shall remain effective[.]" Id., at 1. That remainder certainly includes the above-emphasized — in bold and capital letters — provision that binding arbitration is a provision and may be enforced.

Thus, the question is whether the Code or the agreement demands an NAF arbitrator, and the answer is that neither does — interpreting such a requirement into them is inappropriate. The Majority's reliance upon extraneous sources to conclude the NAF Code provision required an NAF arbitrator to conduct arbitration is misguided. See Majority Slip Op., at 20-22 (citing NAF Code, Rules 1(A), 2(F), 2(S), 21(A)(1), & 48(B); Black's Law Dictionary 52, 1103-04 (10th ed. 2014); 9 U.S.C. § 5); see also, e.g., Steuart v. McChesney, 444 A.2d 659, 661 (Pa. 1982) ("[W]hen a written contract is clear and

unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed. Where the intention of the parties is clear, there is no need to resort to extrinsic aids or evidence." (citation and internal quotations omitted)).

The fact is the NAF Code provision does not designate any specific arbitrator. This silence within a contractual provision, as within a statutory provision, does not constitute an ambiguity per se. See Levy v. Senate of Pa., 65 A.3d 361, 383 (Pa. 2013) (Eakin, J., concurring) ("That the statute does not address the specific question before us does not mean it is ambiguous[.]"). Rather, ambiguity arises only where there are at least two reasonable interpretations of the subject language. See Warrantech Consumer Prods. Servs., Inc. v. Reliance Ins. Co., 96 A.3d 346, 354-55 (Pa. 2014) ("A statute is ambiguous when there are at least two reasonable interpretations of the text under review." (citation omitted)).

In my view, the agreement's reliance on a non-existent Code provision of a now-dormant organization does not negate the requirement of arbitration. Contrary to the Majority's interpretive largess, the provision does not specifically require an NAF arbitrator to conduct arbitration. As the NAF Code is still in existence, the parties could have simply hired an arbitrator to apply the NAF Code to their dispute. See NAF Code Rule 21(A)(1) ("Parties select an [a]rbitrator(s) … [b]y selecting an [a]rbitrator or a panel of [a]rbitrators on mutually agreeable terms[.]").

I also must disagree with the muddled holding that "the FAA cannot preserve NAF-incorporated arbitration agreements unless the parties made the NAF's availability non-essential by specifically varying the terms of its procedure." Majority Slip Op., at 22. One must be uncertain what is meant by stating "varying the terms of [NAF's] procedure" can make NAF's "availability non-essential[,]" id. (emphasis added); procedure and

availability are not the same thing, such that varying a procedure may eliminate availability. In any event, as discussed, availability is not a part, much less an essential part, of the agreement the parties executed.

Also unconvincing is the reliance on Stewart v. GGNSC-Canonsburg, L.P., 9 A.3d 215 (Pa. Super. 2010). See Majority Slip Op., at 22. Federal appellate decisions subsequent to Stewart are persuasive and I would therefore overrule Stewart. In particular, as Chief Judge Easterbrook concluded, "arbitration clauses remain enforceable if[,] for 'any' reason[,] there is 'a lapse in the naming of an arbitrator[.]'" Green v. U.S. Cash Advance Ill., LLC, 724 F.3d 787, 791-92 (7th Cir. 2013) (quoting 9 U.S.C. § 5) (holding § 5 may be used to appoint substitute forum because "[t]he identity of the arbitrator is not so important that the whole contract is vitiated"). Moreover, the Third Circuit, in a case in which the parties incorporated the NAF Code into their arbitration agreement, held § 5 "requires a court to address [the] unavailability [of an NAF arbitrator] by appointing a substitute arbitrator." Khan v. Dell Inc., 669 F.3d 350, 357 (3d Cir. 2012); see also Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000) ("Where the chosen forum is unavailable … or has failed for some reason, § 5 applies and a substitute arbitrator may be named."); Wright v. GGNSC Holdings LLC, 808 N.W.2d 114, 120 n.6 (S.D. 2011) (criticizing Stewart because court discerned "no impediment to a substitute arbitrator applying the same substantive law and using common procedural rules like those found in the NAF Code").

Accordingly, I would reverse the Superior Court's order, and must respectfully dissent.